IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Case No. 1:17-cr-00278** |
| **v.** | **The Honorable District Judge Patricia Tolliver Giles** |
| **GABRIEL LIN** **Defendant.** | **Revocation Hearing: April 15, 2025, at 8:30am** |

### <u>MEMORANDUM ON BEHALF OF DEFENDANT</u>

On December 13, 2017, GABRIEL LIN (hereinafter referred to as "Lin") pled guilty to and was found guilty of one count of Receipt of Child Pornography, in violation of 18 U.S.C. 2252(a)(2). On June 1, 2018, Lin was sentenced by The Honorable District Judge Liam O'Grady to 60 months of incarceration, to be followed by 7 years of supervised release with conditions, a Special Assessment of $100.00, and restitution in the amount of $2,500.00. On November 10, 2025, Senior U.S. Probation Officer Robert M. Walters filed a Petition requesting a Summons for allegations of various violations of Supervised Release. On November 19, 2025, a summons was issued. This case is set for a Revocation Hearing on January 15, 2026, at 8:30am. Lin is accused to have violated the following conditions of supervised release:

    a. Standard Condition 3: THE DEFENDANT SHALL ANSWER TRUTHFULLY ALL INQUIRIES BY THE PROBATION OFFICER AND FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICE;

b.  Standard Condition 5: THE DEFENDANT SHALL WORK REGULARLY AT A LAWFUL OCCUPATION, UNLESS EXCUSED BY THE PROBATION OFFICER FOR SCHOOLING, TRAINING, OR OTHER ACCEPTABLE REASONS;

c.  Special Condition 3: THE DEFENDANT SHALL PARTICIPATE IN A PROGRAM APPROVED BY THE UNITED STATES PROBATION OFFICER FOR THE TREATMENT AND MONITORING OF SEX OFFENDERS, WITH PARTIAL COST TO BE PAID BY THE DEFENDANT, ALL AS DIRECTED BY THE PROBATION OFFICER.

d.  Special Condition 10: THE DEFENDANT SHALL COMPLY WITH THE REQUIREMENTS OF THE COMPUTER MONITORING PROGRAM AS ADMINISTERED BY THE PROBATION OFFICER. THE DEFENDANT SHALL CONSENT TO THE INSTALLATION OF COMPUTER MONITORING SOFTWARE ON ANY COMPUTER TO WHICH THE DEFENDANT HAS ACCESS.

Lin admits all the above-listed violations, and requests that this Court not sentence him to a period of incarceration at this time. Instead, he asks that the Court continue him on supervision, with any additional conditions this Court deems appropriate, and/or extend the term of supervised release, and that a review hearing be set in six months to monitor his progress and determine if any incarceration is warranted at that time.

## **BACKGROUND**

For information on Lin's background, please see the previously filed sentencing memorandum, listed as Docket Number #35, filed with this Court on May 28, 2018.

# **ARGUMENT**

## Responses to Specific Allegations contained in the Violation Report

Lin is ashamed that he finds himself in front of this Court again, after having served 60 months of incarceration. He is despondent when he considers the pain that he is putting his family through, especially his mother. He is extremely sorry for his failure to comply with the rules of supervision. He understands that he has made poor choices and accepts full responsibility for these violations. Lin is very remorseful for his actions. He does not downplay or make excuses for his behavior, and he knows that he is a better person than his actions reflect while on supervision. He is looking at life from a long-term perspective now and is very hopeful for the future.

In the violation report, Officer Walters mentions several polygraph questions that Lin failed. Specifically, on December 23, 2023, a polygraph was administered and the following questions were asked:

-Since January 1, 2023, have you been alone and unsupervised with any minors?

-Since January 1, 2023, have you used any electronic device to access the internet for your sexual gratification;? and

-Since January 1, 2023, have you engaged in physical sexual contact with anyone you have not told me about today?

Lin answered "No" to each of these questions. The test administrator concluded the results of the polygraph were "deception indicated/untruthful." Lin is adamant that he has not been alone and unsupervised with a minor, and he is unsure why he failed that question. Regarding using a

device to access the internet for sexual gratification, Lin was not truthful when answering that question. The correct answer to that question was "Yes", as Lin had seen some erotic videos on YouTube that he had masturbated to. He is adamant that he had not engaged in any physical sexual contact with anyone that he had not mentioned to Officer Walters on the day of that polygraph, so he is unsure why he failed that question.

On March 6, 2024, a second polygraph test was administered. The following questions were asked:

-Since April 2023, have you viewed any pornographic material containing anyone under the age of 18?; and

-Have you engaged in non-consensual sexual conduct with anyone since March 2023??

Lin answered "No" to each of those questions. The test administrator concluded the results of the examination as "deception indicated". Lin is adamant that he answered both of these questions truthfully.

In the violation report, it is stated that on April 2, 2024, a detective with the Fairfax City Police Department contacted the probation office to advise that a complainant had filed a report against Lin for videoing prior sexual encounters without her consent and then sending those videos to her current boyfriend ("revenge porn"). Lin is adamant that this did not happen, and he was never charged with anything related to that. The email address referred to in the violation report, gabril1992el@hotmail.com, is an email address that Lin is adamant he has never had or seen.

In the violation report, Officer Walters mentions a search warrant that was granted by the Honorable District Judge Claude M. Hilton, to allow a search of Lin's residence and vehicle. The

results of that search resulted in the locating of hard drives that contained child pornography. However, when forensically analyzed, it was determined that none of the files were accessed since the commencement of Lin's term of supervised release. There was no indication that Lin had any interaction with the devices or the materials on the devices since his conviction in the underlying case. The Government did not bring new charges regarding the recovered devices and child pornography. Lin is adamant that he was unaware that these devices were still in his home, and that the Government clearly missed them when the search warrant was conducted for the underlying case.

In the violation report, Officer Walters mentions additional polygraph questions that Lin failed. Specifically, on March 28, 2025, a polygraph was administered and the following questions were asked:

-Have you masturbated while viewing anything on a screen since December 2024?; and

-Have you viewed any sexually explicit pornography since December 2024?

Lin admits that he was not truthful when asked these questions.

In July 2025, it was brought to Officer Walters attention that Lin's parents maintain a condominium in Fairfax, Virginia. Lin admitted that he visits the condo on occasion to "get away". He noted that he is usually unsupervised when he is there. On July 18, 2025, Officer Walters made contact with Lin at the condominium. A smart television was present in the main living space, and Lin told Officer Walters that he visited a new masseuse a few weeks prior, and was offered a "happy ending" but he declined. Lin is adamant that this is the truth.

Lin was asked if he had accessed any unauthorized devices and he stated that he had not. On July 23, 2025, Lin's treatment provider advised Officer Walters that during his therapy

session earlier that day, Lin made various admissions, stating that he in fact had a Nintendo Switch and used it at the condominium to watch erotic content on the smart television, but that he had gotten rid of the device. Lin admits that this is a truthful statement and that he lied to Officer Walters when he was asked if he had accessed any unauthorized devices. He admits to watching Youtube videos on the internet containing women in see-through outfits or bikinis, and other similar things. He also admits to masturbating to those things. He admits that the device was not monitored and it should have been.

During the treatment session, the provider informed Officer Walters that Lin also admitted that a part of him may have thought there was a chance of sexual contact when he was offered a "happy ending" at the massage parlor. Lin admits to this.

Lin also admitted to Officer Walter that he used his work computer (accounting) to view erotic content. His boss informed him that she could see this in his search history and he was ultimately terminated from his position on August 6, 2025. This was due to the erotic content Lin was looking at, as well as anonymous phone calls regarding Lin's sex offender status. Lin admits to looking at erotic material on his work computer.

On August 28, 2025, Lin was unsuccessfully discharged from services due to his continued non-compliant conduct and risky behavior.

Lin admits that he failed to answer truthfully all of the inquiries from the probation officer, including some of the polygraph questions he was asked. He also admits that he failed to abide by the instructions of his probation officer. He further admits that he lost his job partly as a result of looking at erotic content on his work computer, violating the requirement that he maintain employment. He admits that he was terminated from sex offender treatment, and he

further admits that he was using a Nintendo Switch to view erotic content, and he lied to his probation officer about its existence, and was aware it was not monitored.

<div align="center">Sentencing Argument</div>

This supervised release violation is a Grade C violation under 7B1.1(a)(3) of the Federal Sentencing Guidelines Manual. Under 7B1.3(a)(2), this Court has an option not to incarcerate and simply to extend the term of supervised release or modify the terms of supervision. Under 7B1.4, given Lin's criminal history category of I, his Grade C violation results in a guideline range of 3 to 9 months of incarceration. Lin asks that this Court allow him to continue on supervision and set a review in 6 months to monitor his progress. This is his first violation. The treatment program he was discharged from is willing to take him back as a patient, and as an alternative, he is also able to remain working through treatment with Mr. Goldfarb.

Since picking up these violations, Lin has worked very hard to get his life back on track. This violation report includes accusations up until August of 2025, five months ago. As mentioned in the violation report, upon his discharge from sex-offender treatment, he began private sex offender treatment with Mr. Andrew Goldfarb, a licensed sex offender treatment provider.[1] This was done promptly. He has worked effortlessly in treatment since then and is doing very well. Regarding employment, Lin has submitted over 120 applications for employment since he lost his job in August of 2025. Though accounting is his specialty, he understands the importance and requirement of having a job, so he has been looking for a job in any field. He has submitted applications through websites such as Indeed, Glassdoor, and ZipRecuiter. He has also sent out applications on official career sites, in industries such as

---

[1] See Attachment A: Mr. Goldfarb's Resume

accounting, food service, warehouse, retail, and office work. He has physically traveled around and given resumes and left his phone number with various retail and restaurants near his residence. During this time, he has had many in-person meetings with various businesses. In recent weeks, he has averaged 2-3 interviews per week, and is currently waiting to hear back for an accounting position in which the process started in early December of 2025, and his background check has not seemed to be an issue. The company is called Blackwatch International. He received an offer letter for an accounting position with FranConnect, but was rescinded upon the background check.

Lin has been working effortlessly to secure a job, and has even enrolled in two classes at Northern Virginia Community College.[2] He is residing at home and his family is attempting to help him out financially. He would like to work towards a degree in accounting.

The Fairfax County accusations involving allegations that Lin participated in "revenge porn", should not be considered when analyzing this violation. Lin was not charged with anything in relation to that and he is adamant that it is not true. Further, the child pornography located on the devices in his home should not be considered when analyzing this violation, as it was proven that they had not been accessed since the underlying case, and Lin is not accused of having accessed any child pornography since his conviction on the underlying case.

It is clear that Lin has struggled greatly with refraining from looking at explicit material, but other than these violations of supervision, he has remained of good behavior. He has not picked up any further criminal charges. Lin suffers from a mental illness related to sexual deviance, though that is no excuse for his actions, as he alone controls them. However, this is not

---

[2] See Attachment B

a problem that incarceration will solve. The only possibility of solving the problem is continued therapy. There is no reason to disturb a treatment program that is going well with Mr. Goldfarb, and there is no benefit to incarceration in this case. Continuing the case out for a period of six months and setting a review date will provide further accountability to Lin, but it will also give him a second chance. Additionally, these violations occurred over six months ago, and had Officer Walters felt that Lin was a danger to the community, he would have undoubtedly filed the violation reporter soon. There is no danger to allowing Lin to stay in the community, continue with treatment, attend school, and continue to work hard in his attempt to secure employment. He has taken responsibility for the violations, and he is adamant that he will work tirelessly to ensure that everything is going how it should be when he appears back in front of this Court in six months for a review. He asks this Court to give him that chance.

## **CONCLUSION**

WHEREFORE the reasons stated above, the Defendant, GABRIEL LIN, respectfully asks this Court to Court continue him on the same conditions of supervision, with any additional conditions this Court deems appropriate, and/or extend the term of supervised release, and that a review hearing be set in six months to monitor his progress and determine if any incarceration is warranted at that time.

<div style="margin-left:40%">

Respectfully Submitted,
GABRIEL LIN
By counsel

</div>

PATRICK N. ANDERSON & ASSOCIATES, P.C.


_____/s/_____
Jessica A. Richardson, Esquire (VA Bar #90158)
*Counsel for Defendant*

333 N. Fairfax Street, Suite 310
Alexandria, VA 22314
Phone: (703) 519-7100
Fax: (703) 519-7104
Email: jrichardson@pnalaw.com
Virginia Bar 90158

<u>CERTIFICATE OF SERVICE</u>

I, hereby certify, that on the 13th day of January, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing

Jacob Mercer
DOJ-USAO
2100 Jamieson Avenue
Alexandria, Virginia
Phone: (703) 299-3809
Email: Jacob.mercer@usdoj.gov

PATRICK N. ANDERSON & ASSOCIATES, P.C.:


_____/s/_____

Jessica A. Richardson, Esquire (VA Bar #90158)
*Counsel for Defendant*
333 N. Fairfax Street, Suite 310

Alexandria, VA 22314
Phone: (703) 519-7100
Fax: (703) 519-7104
Email jrichardson@pnalaw.com